

United States Middle District Court of Florida

Case #: Unassigned at this time

Bracken ProSe
VS.
League of Cities
City of Jasper, Florida
City of Jasper Police Department, Florida
Officer Chris McGauley
Chief Jeffery McGuire

3:17-cv-1155-J-39JRK

    Comes now the petitioner, Corey Bracken; before the with prayer and praise to the Honorable Seat of the United States Middle District Court of Florida.  The following is factually based, and needs appropriate justice to be served, against the Defendant(s).

    On July 31, 2017 I was wrongfully tased, an Officer of the Law did knowingly and wrongfully violate several protected rights, protected by the Constitution and The Bill of Rights.  For starters if the officer had practiced correct situational awareness, we would not be having this colloquy.  I was parked at a different location, practicing freedom of speech, it was requested of my person by acting
management to leave the premises.  I did.

    The officer then practiced what seems to be more incorrect discretion.

No observation, to being parked in a handicap parking place was given.  A manual wheelchair is secured to my vehicle.  He asked me to come to the rear of my vehicle.
(Title II Regulation complaints have been filed electronically with the United States Department of Justice, Civil Rights Division)
I inquired to the fact, "Am I being detained or accused of a crime?", he replied.  "No", by guarantee of the Constitution, that is the exact moment the interaction should have ceased.

(See 4th amendment)
(See also 42 USC 1983)
(See 101-336)

Since I was not in accusation of a crime, nor in pursuit of a traffic infraction, this officer per statute, had no probable cause for approach, especially taking into the situation, that there were 2 occupied Florida State Trooper vehicles onsite, that left the site 5 minutes prior to initial contact.  (take into consideration, the arriving officer took the time to go to the other business, before deciding to initiate illegal contact).

These facts only support more so that no crime was being committed.  I was exercising a 1st Amendment right and was asked by the management of Loves to vacate the premises.  I complied.

(See Miller vs U.S. "exercise of a constitutional protected right, cannot be converted into a crime")

The bodycam footage of both officers will prove this to be factual.  The footage will also show several indiscrepancies of procedure and policy of the officer.

1. abuse of power
2. wrongful tasing
3. denial of mobility device
4. telling me that I was not being detained or accused of a crime
5. intimidating myself with the threat of arrest
6. falsely arresting my person
7. telling a 2nd officer "if you're not going to tag him, I will!", after that officer refused to tase me
8. illegally confiscating my phone
9. telling me that my license plate didn't match my vehicle
10. physically abusing my person

The Jasper Police Department has refused to take complaint against the officer, to date.

The Hamilton County Sheriff Department has refused to take complaint against the department.

The search of my vehicle and person was illegal and non consensual.

I requested a supervisor and was then tased.

The events occurred at 19:19 on July 31, 2017 at 6986 U.S. 129 Jasper, FL 32052.  This location is 5 miles from Jasper City Limits, since he was not in pursuit of a crime or a traffic infraction, he was outside of his jurisdiction.

The police department blocked my phone from contacting their office.  Once I did finally get into contact with the department, they admitted that they cannot afford to have someone answer the phone for the police department, if they cannot afford to have someone answer the phone, how can they afford proper training for officers?

It took 3 weeks after my release to have my driver's license returned to my person, my vehicle registration is still missing.

A pair of handcuffs was taken from my vehicle.

Fomitopsis
Ganoderma
Fomes
Coffee bean grinder
were illegally seized during a non consensual search

Animal control did not have control of my service canines upon return to my mother, as I was still incarcerated.

Miranda Rights were not read to my person, upon arrest.

Telephone call was denied 17 times upon my being arrested.

I was disoriented from being tased and in shock from Constitutional rights being violated, I was attempting to understand booking papers and what I was signing, nobody would explain what I was signing, an officer Dykes told me that they could intentionally hold me for 72 hours, I was then shoved into a holding cell, to be taken to the "lockdown cell", until I signed the documents (my signature was extorted), I tried explaining my medical impairments to the nurse, jail officers, and they refused to listen to anything, upon entering the jail I tried explaining the same thing previous to attempting to tell the nurse and others, as it was queried of the jail staff, the officer stated "he's been spewing that disabled shit, since the beginning", that clearly means that this was an intentional hate crime towards the disabled.

Chief Jeffery McGuire to date and to my knowledge has failed to report these crimes to the Florida Department of Law Enforcement as required by Florida Statute 877.19.

(See Florida Statute 877.19)

(Florida Statute 775.085)

During the 5 days that I was incarcerated, I was never offered the right for outdoor exercise. Nor was it expressed that I had that right, by employees.

I had a bruise to my upper right arm with scratched laceration, the nurse and sheriff office representative denied and refused to photograph it.

I have more information to submit as well as financial loss for the following, impound fees, medical bills after being released, bond fees, and other fees that were incurred due to the wrongful arrest, loss of personal belongings, and sheer violations of constitutionally protected liberties.

Officer needs resign or retire and potentially be charged with 775.084, 775.083, or 775.082. Also applicable is 787.01 as armed robbery as described by the Florida Statute. The 784.045 And 775.085 are also applicable.

I have a history of panic attacks. I attempted to inform the officer of these matters.
I did suffer multiple panic attacks during and after my unlawful detainment and arrest. I have documented 9% PPI to my knee, gastritis, cystitis, intracranial calcification, category 2 to my lower back, neuralgia, I was wrongfully tased, imprisoned, searched, and seized as was my property. Request for monetary compensation to be ordered is as follows;

Bond 864x2=$1728.00
Impound and tow 720×2=$1440.00
5 misdemeanors  $1000.00 each $5000.00
1 felony  $5000.00
Tasing $350,000.00
Current medical bills for immediate treatment and prognosis assessment after release.$4000.00
Future medical unknown at this time, $100,000.00
Wrongful seizure of my phone  $1000.00
Wrongful seizure of  ganoderma  $500
Wrongful seizure of fomitopsis $500
Wrongful seizure of trametes versicolor $500
Wrongful seizure of fomes  $500
Wrongful seizure of Audubon Field Guide $500
Wrongful seizure of claw hammer and a piece of rebar  $500
Wrongful seizure of a set of handcuffs $500
Wrongful seizure of a coffee bean grinder $500
Wrongful seizure of my van $1000.00
Wrongful seizure of my 3 service canines.  $9000.00
5 days wrongful incarceration  $5000
Refusal of my cane $2700.00 during unlawful approach
Refusal of my cane during incarceration $5000.00
Refusal of outdoor exercise while incarcerated $2500.00
Refusal of pencil and paper during incarceration $1500.00
Refusal of phone call while incarcerated until I signed a document that I didn't understand
Not providing first appearance within 24 hours  $5000.00
Public humiliation $1,046,632.00
Total monetary compensation  $1,600,000.00

(See the following case law definition and 42 USC 1983, 4th, and 14th Amendments)

Estate of Armstrong v. Village of Pinehurst, Wright vs. Ohio, Miller vs. U.S.
Miranda vs. Arizona, State vs Polak, State vs Casal, State vs Scanly, McDonnell vs State, Nelson vs State, Delon vs. State, Luna-Martinez vs. State, IRC vs. State, and much more case law definition validating these matters does exist.

I.E. excessive force, nonconsensual and warrantless search, illegal search and seizure, illegal arrest, 101-336 rights violations, lack of probable cause, and other factual events that took place.

No probable cause to even approach existed under 901.1505

Perhaps, the 5 days of wrongful incarceration needs to be applied for the class A misdemeanor offense in Indiana case 41H02-1010-CM-01115.

Filed this date 10/01/2017

Respectful regard,

Corey L. Bracken